[Civ. No. 6395. First Appellate District, Division Two.—May 24, 1928.]

In the Matter of the Estate of MARY J. THOMAS, Deceased. GRACE C. BROWN, Appellant, v. CAROLINE S. MARTIN, Executrix, etc., et al., Respondents.

Percy E. Towne for Appellant.

R. W. MacDonald, Harrison S. Robinson and Harry L. Price for Respondents.

STURTEVANT, J.—Mary J. Thomas died testate in the county of Alameda on the seventh day of June, 1926. She left her surviving a daughter, Grace C. Brown, and two grandchildren, Bernard V. Goe and Eleanor Wolf Caroe, the children of a deceased daughter. In her will she designated several devisees and legatees, but did not mention in any way her grandchildren. At the time the will was written the decedent owned ten thousand shares of the capital stock of the Five Thirty-six Oil Company. Before her death the oil company reduced its stock and issued to decedent a certificate for 5,000 shares in lieu of her 10,000 shares. Afterwards the oil company commenced to liquidate. It had paid, before the death of the decedent one or more dividends in liquidation and the decedent had been informed that on her stock there might be further payments amounting to $5,000 or $7,000. The will was admitted to probate and in due time a decree of distribution was made. By that decree the trial court made certain provisions protecting the rights of the grandchildren. Excepting as will hereinafter be noted no objection is made to the decree on that ground.

Among other things the decedent inserted in her holographic will a passage as follows: "I give and bequeath . . . ten thousand shares of Five Thirty-six Oil Co. . . . to my daughter, Grace C. Brown stipulating that when the affairs of the Five Thirty-six Oil Co. are finally settled and the company dissolved, all amounting above five thousand dollars coming as my part of the ten thousand shares in my name she shall give as a legacy by me to the First Presbyterian Church, Berkeley, Cal." At the time of the entry of the decree the executor had received dividends from the oil company amounting to $1,500.

Among other things, the decree provided as follows: "Grace C. Brown is entitled to receive twenty-five hundred shares of the capital stock of Five Thirty-six Oil Co., a corporation; provided, however, that when the said Grace C. Brown, or her successors in interest have received from said corporation by way of cash dividends, whether the same be regular dividends or dividends in liquidation, the sum of $2,500 of which the sum of $750 is distributed herewith . . . leaving a balance of $1,750 to be received by her, then and in that event the title to said stock shall go to and vest in said First Presbyterian Church of Berkeley . . . " The daughter, Grace C. Brown, attacks the quantity $2,500, and asserts that it should be $5,000. If the trial court did not err in using the expression $2,500, the decree should be affirmed, otherwise the decree should be modified.

The appellant cites and relies on the provisions of section 1308 of the Civil Code. Omitting irrelevant parts, that section provides: "When any share of the estate of a testator is assigned to . . . the issue of a child, omitted in the will, as hereinbefore mentioned, . . . so much as may be necessary must be taken from all the devisees or legatees, in proportion to the value they may respectively receive under the will, unless the obvious intention of the testator in relation to some specific devise or bequest, or other provision in the will, would thereby be defeated; in such case such specific devise, legacy, or provision, may be exempted from such apportionment and a different apportionment, consistent with the intention of the testator, may be adopted." We think the section is not helpful on the question before us. It is not contended that the trial court erred in taking fifty per cent from each devisee or legatee. But that is the subject matter to which the section is addressed.

The Five Thirty-six Oil Company, being in process of dissolution, the meaning of the will so far as the stock in the oil company is concerned is not different than though it had contained two separate passages as follows: "To my daughter, Grace C. Brown, I give and bequeath $5,000 of the proceeds obtained from my stock in the Five Thirty-six Oil Co. To the First Presbyterian Church of Berkeley I give all of the balance of the proceeds obtained from said stock." If the will had been so written and the probate proceedings had presented the same facts as this record

discloses, the legacy to Grace C. Brown would have been reduced fifty per cent, that is, it would have been cut down to $2,500; and the legacy to the First Presbyterian Church would likewise have been cut down fifty per cent. However, if we look back at the terms of the decree, it will be seen at once that such was the effect of the decree. From the legacy of Grace C. Brown was taken fifty per cent and from the possible legacy to the First Presbyterian Church there was taken the same percentage. The amounts so taken were given to the grandchildren. Nothing less would have complied with the statute. (Civ. Code, secs. 1306, 1307, 1308.) In other words the decree might have been worded in terms of dollars and cents instead of in terms of shares of stock. Arguing in terms of shares of stock is to present a false issue. As the Five Thirty-six Oil Company was in liquidation, the shareholders were interested in proceeds (dividends in liquidation as well as ordinary dividends), as distinguished from shares of stock. Of the proceeds Grace C. Brown was originally entitled to $5,000. When it transpired that the grandchildren had not been provided for, her possible legacy of $5,000 fell to $2,500. The other $2,500 passed to the grandchildren.

We find no error in the record. The decree is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 23, 1928.

All the Justices present concurred.